IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN ANDERSON,** *et al.***,**

    **Plaintiffs,**

    v.

**CITY OF COLUMBUS,** *et al.***,**

    **Defendants.**

Case No. 2:15-cv-1030
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

Plaintiffs, Kevin J. Anderson and James R. Harrison ("Plaintiffs"), brought this action against Kim and Esther Laurell ("Laurells") and the City of Columbus, asserting that Defendants' refusal to permit them to protest on a portion of the Laurells' land that abuts a road violates their First Amendment right to assemble, speak, and demonstrate.  This matter is before the Court for consideration of the Motion of Proposed Intervenor Vineyard Christian Fellowship of Columbus ("Vineyard") to Intervene as a Defendant (ECF No. 3), the Consent of Defendant Laurells to Intervention (ECF No. 7), Plaintiffs' Memorandum in Opposition (ECF No. 6), and Vineyard's Reply (ECF No. 3).  For the reasons that follow, Vineyard's Motion to Intervene is **GRANTED**.  (ECF No. 12.)

**I.**

Proposed Intervenor Vineyard is a nonprofit corporation operating a church in Westerville, Ohio, at the address 6000 Cooper Road, Columbus, Ohio.  The Laurells are Westerville residents who reside across from Vineyard, on the opposite side of Cooper Road.

1

Cooper Road is a two-lane, twenty-four-foot-wide road that runs North-South through Westerville, Ohio. On the section of Cooper Road in question, Vineyard's church and complex lie on the east side, and the Laurells' property lies on the west side.

Plaintiffs are individuals who share certain religious beliefs. In 2013, Plaintiffs and other individuals with similar beliefs began holding demonstrations in front of Vineyard, alongside the *east* side of Cooper Road. In July 2013, Vineyard filed a state-court lawsuit against Plaintiffs and other demonstrators, seeking an order enjoining the demonstrators from trespassing on its property to conduct demonstrations. In February 2015, the Franklin County Court of Common Pleas rendered its Decision and Entry Granting Permanent Injunction. In it, the state court found that no public right-of-way exists east of Cooper Road's actual pavement, notwithstanding the demonstrators' contentions to the contrary that a public right-of-way exists thirty feet from the center line in either direction such that the public right-of-way extended beyond the twenty-four feet of actual pavement. (State Court Feb. 2, 2015 Dec., ECF No. 3-2.) The state court therefore enjoined the demonstrators from demonstrating on the portion of Vineyard's property that abuts the eastern edge of Cooper Road. (*Id*.) The state court's decision is currently on appeal.

Plaintiffs commenced the instant action in March 2015, seeking a declaratory judgment that they have a First Amendment right to assemble, speak, and demonstrate across from Vineyard but on the *western* edge of Cooper Road, the Laurells' side of the road, so long as they remain within thirty feet of the center-line of the road. Plaintiff's requested relief is premised upon their assertion that "[t]he 60 foot Cooper Road right of way is a traditional public forum, dedicated for public use and travel, and wholly within the control of the City of Columbus." (Am. Compl. ¶ 5.2, ECF No. 8.) Plaintiffs also point out that the state-court judge "did not decide anything about anyone's rights on the west side of Cooper Road." (*Id*. at 4.16.)

In support of its Motion to Intervene, Vineyard asserts that it should be permitted to intervene as of right. Vineyard maintains it has a unique interest in defending and protecting the efficacy of the state-court's injunction order, as well as its unique property interest, explaining that "it is the only entity that is a property owner within Plaintiffs' alleged '60 foot Cooper Road right of way' that has already litigated to a final judgment the exact same issue raised here . . . ." (Vineyard's Mot. 8, ECF No. 3 (quoting Pls.' Compl. ¶ 4.15, ECF No. 1).) Vineyard further asserts that if this Court adopts Plaintiffs' premise that a sixty-foot public right-of-way exists, not only will such a ruling conflict with the state-court ruling, but it will also prejudice their interests in their property. Vineyard maintains that Defendants cannot adequately represent their interests given that neither of the named defendants were parties in the state-court action and that it is not yet clear what position they will take in this case. Vineyard also notes that even Plaintiffs acknowledged in their Complaint that Defendant City of Columbus declined to join in the state-court action. (*Id*. at 11 (citing Pls.' Compl. ¶ 4.13, ECF No. 1).) Vineyard alternatively seeks permissive intervention, citing numerous common questions of law and fact. The Laurells filed a "Consent," reflecting that they agree with the Vineyard's representations and have no objections to its intervention. (ECF No. 7.)

Plaintiffs oppose Vineyard's Motion, asserting that the named Defendants are the only parties "who can claim an interest" in the property running thirty feet from the west of the center line of Cooper Road. (Pls.' Mem. in Opp. 1, ECF No. 6.) According to Plaintiffs, because the state-court judge "*specifically declined* to make any finding about the width of the Cooper Road right of way . . . a finding by this Court about the existence of a public right of way *west* of Cooper Road will not conflict with any finding by the state court." (*Id*. at 5.) Plaintiffs further support their contention with additional references to state-court exhibits and affidavit excerpts.

3

Plaintiffs therefore conclude that in the absence of any interest in the property west of Cooper Road, Vineyard should not be permitted to intervene. Plaintiffs add that "it would be premature to conclude that the existing parties will not protect its interests." (*Id*. at 8.) In addition, citing conduct occurring in 2013, Plaintiffs speculate that the Laurells "*will* assert and protect Vineyard's 'interests' if their interests are similar." (*Id*.)

## II.

Vineyard seeks to intervene as a matter of right. Generally, Federal Rule of Civil Procedure 24, which governs interventions, is "broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Federal Rule of Civil Procedure 24(a) governs intervention of right. In pertinent part, Rule 24(a) provides as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> \* \* \*
>
> (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The United States Court of Appeals for the Sixth Circuit has interpreted Rule 24(a)(2) as requiring the movant to establish each of the following four elements:

> (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest.

*See Blount—Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). "[F]ailure to satisfy any one of the elements will defeat

intervention under the Rule." *Id*. (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) and *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Even if the Court denies intervention as a matter of right under Rule 24(a)(2), it may still grant permissive intervention under Rule 24(b). *See Purnell*, 925 F.2d at 950 (noting that although a party only moved for intervention as a matter of right, the court could have considered permissive intervention). Thus, Vineyard alternatively applies for permissive intervention in this action under Rule 24(b)(1)(B), which provides as follows:

> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> \*    \*    \*
>
> (B)   has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B). The decision of whether to grant permissive intervention is a matter within the Court's sound discretion. *See Blount—Hill*, 636 F.3d at 287 (reviewing permissive intervention determination for abuse of discretion). Permissive intervention considers timeliness in the same manner as intervention as a matter of right; in addition, "the motion to intervene must establish 'at least one common question of law or fact.'" *Wellington Res. Grp., LLC v. Beck Energy Corp.*, No. 2:12-CV-00104, 2012 WL 2995181, at *2 (S.D. Ohio July 23, 2012) (quoting *United States v. Michigan,* 424 F.3d at 445). The Court should also balance relevant factors, including "undue delay [and] prejudice to the original parties." *Michagan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

**III.**

**A.     Vineyard is Entitled to Intervene as a Matter of Right**

The Court finds Vineyard has established that it is entitled to intervene as a matter of right.  Timeliness is not disputed, and Vineyard has established the remaining three elements.

Turning to the second factor, the Court finds that Vineyard has articulated a substantial legal interest in this action.  The Sixth Circuit has endorsed "a 'rather expansive notion of the interest sufficient to invoke intervention of right.'"  *Grutter*, 188 F.3d at 398 (quoting *Miller*, 103 F. 3d at 1245 (6th Cir. 1997)).  Indeed, "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing."  *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted).  Here, although Plaintiffs seek a declaration only with regards to their right assemble, speak, and demonstrate on the land abutting the *western* side of Cooper Road, any such declaration must necessarily be premised upon findings implicating the ownership interests of landowners on *both* sides of the road.  Plaintiffs implicitly recognize this relationship in asserting that "[t]he 60 foot Cooper Road right of way is a traditional public forum, dedicated for public use and travel, and wholly within the control of the City of Columbus."  (Am. Compl. ¶ 5.2, ECF No. 8.)  The sixty feet Plaintiffs reference extends into both the Laurells' *and* Vineyard's property.  Plaintiffs ask this Court to proceed from these legal conclusions concerning both the dimension and nature of any right-of-way to conclude that they have First Amendment rights to assemble, speak, and demonstrate on western side of the road.  But as reflected in the state-court proceedings, these legal conclusions are far from settled and do, in

fact, implicate Vineyard's property interests.[1] Thus, the fact that Plaintiffs self-limit their requested declaratory relief to the western half of the road does not preclude intervention. *Cf. San Juan County, Utah v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (quoting *Solid Waste Agency of N. Cook Cnty. v. United States Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir. 1996)) ("'The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit.'").

The Court further finds that Vineyard has satisfied the impairment prong of Rule 24(a). This element requires the movant to "show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F. 2d at 948). The Sixth Circuit has repeatedly described this burden as "minimal." *Id.*; *Grutter*, 188 F.3d at 399; *N.E. Ohio Coal. for Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Here, the very requests for declaratory relief Plaintiffs seek are demonstrative of the possible impairment of Vineyard's property interests should the Court make findings or rulings unfavorable to Vineyard concerning the dimension and nature of any right-of-way.

Vineyard has likewise satisfied the inadequate representation prong. As with the impairment prong, "the [movant's] burden with respect to establishing that its interests are not adequately protected by the existing party to the action is a minimal one; it is sufficient to prove that representation *may* be inadequate." *N.E. Ohio Coal.,* 467 F.3d at 1008 (citing *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992)); *Grutter*, 188 F.3d at 400

---

[1] Indeed, in rendering its decision concerning the *eastern* side of Cooper Road, the state court explicitly found that "there is no public right-of-way for pedestrian travel east of Cooper Road's actual pavement." (State Court Feb. 2, 2015 Dec. 9, ECF No. 3-2.) As mentioned above, the state-court's decision is currently on appeal.

("The proposed intervenors need only show that there is a potential for inadequate representation.")  "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id*.  Vineyard asserts that because neither of the Defendants was a party to the state-court action, their interests are not squarely aligned with Vineyard's interests.  Vineyard further points out that it is not yet clear what position Defendants will take in this case.  The Court agrees that Vineyard and its counsel's unique experience of litigating nearly the same issues presented in the instant action—especially in view of Plaintiffs' apparent intent to reference and rely upon state-court exhibits and findings in this action—as well as Vineyard's unique interest in preserving the integrity of the state-court decision readily establishes the fourth element.  Plaintiffs' speculation that the Laurells would assert and protect Vineyard's interests "if their interests are similar," (Pls.' Mem. in Opp. 8, ECF No. 6), does not persuade the Court to reach a different conclusion.

In sum, the Court finds that Vineyard is entitled to intervene as a matter of right pursuant to Rule 24(a).

**B.     Vineyard has Established the Requirements for Permissive Intervention**

Alternatively, the Court finds that Vineyard has satisfied the permissive intervention requirements of Rule 24(b)(1)(B).  Significantly, although Vineyard moved in the alternative for permissive intervention, (Vineyard's Mot. 11–13, ECF No. 3), Plaintiffs failed to oppose Vineyard's alternative request in their Memorandum in Opposition.

Vineyard has shown that common questions of law or fact exist between this action and claims and/or defenses it litigated and is continuing to litigate in the state-court action, namely, the questions surrounding the existence, dimension, and nature of any right-of-way along Cooper

Road.  More specifically, Vineyard identifies the following issues of law or fact that it maintains were/are being litigated in the state-court action and will require re-litigation here:

- The existence of and legal basis establishing a right-of-way on Cooper Road;

- The nature and character of a right-of-way, if any, on Cooper Road;

- The dimensions of a right-of-way, if any on Cooper Road;

- The legal attributes of public rights-of-way;

- The legal significance, if any, of the 1927 Road Plan; and

- The legal significance, if any, of the "ODOT Summary."

(*Id*. at 12.)  Based upon the parties' filings thus far, Court is unable to discern any factual or legal basis for distinguishing the Laurell's property from the Vineyard's property directly across the street.

Having determined that Vineyard has demonstrated the existence of common questions of law or fact, the Court must balance any undue delay, prejudice to the original parties, and other relevant factors.  The Court finds that Vineyard's early motion, filed within just a month of Plaintiffs' Complaint, should not cause any undue delay.  Moreover, the Court can perceive of no reason to believe that Vineyard's intervention would prejudice the other parties.  Plaintiffs have not argued that they would be prejudiced, and in light of the prior state-court litigation, they are likely to be familiar with Vineyard's legal arguments.  Thus, none of these additional factors weighs against intervention.

This Court therefore concludes that Vineyard has satisfied the requirements for permissive intervention under Rule 24(b)(1)(B).

## IV.

For the reasons set forth above, Vineyard's Motion to Intervene as a Defendant is **GRANTED**.  (ECF No. 3.) The Clerk is **DIRECTED** to file Vineyard's Answer, attached as Exhibit One to ECF No. 3.

**IT IS SO ORDERED.**


Date: September 10, 2015                             s/ *Elizabeth A. Preston Deavers*
                                                                                ELIZABETH A. PRESTON DEAVERS
                                                                                UNITED STATES MAGISTRATE JUDGE